UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIRON WASHINGTON, JR.,

Plaintiff,

v.                                                                            Case No. 25-cv-0830-bhl

SERGEANT SIMPSON et al.,

Defendants.

---

## DECISION AND ORDER

---

Plaintiff Tiron Washington, Jr., is currently incarcerated at the Waupun Correctional Institution and representing himself in this 42 U.S.C. §1983 action. Washington alleges that from May 1, 2025 through June 4, 2025, he was served food that violated his religious beliefs and was nutritionally inadequate. Dkt. Nos. 1, 8. Discovery closed on March 23, 2026, and dispositive motions are due by April 22, 2026. On February 27, 2026, Defendants filed a motion for an order to restrict Washington's access to videos that Defendants had produced in response to Washington's discovery requests. Defendants ask that the videos be provided to the facility where Washington is housed and that Washington only be permitted to view the videos upon request rather than keep the videos in his property. Washington did not respond to the motion. On March 6, 2026, Washington filed a motion to compel. Defendants responded on March 27, 2026, asserting that all relevant documents and videos had been produced. Washington did not reply. On April 19, 2026, Defendants filed a motion to extend the dispositive motion deadline to June 10, 2026.

Regarding Defendants' motion for an order restricting Washington's access to videos, the Court notes that Washington's possession of the videos does not appear to be of concern to Defendants; rather, Defendants' primary concern is that Washington will share the videos with others. Defendants describe various safety and security concerns that could arise if the videos were to be made publicly available. The Court concludes that Defendants have shown good cause for an order restricting distribution of the videos, but they have not shown good cause for an order

restricting Washington's access to the videos.  The Court will therefore deny Defendants' request for an order preventing Washington from possessing the videos.  Instead, the Court will grant their motion in part and enter a protective order prohibiting Washington from distributing the videos to others, including to other inmates and news outlets.  To be clear, Washington may file videos in support of motions he files and/or in support of his responses to motions.  Videos used for such purposes will be publicly available unless a party shows good cause for restricting access to the videos.  *See* Gen. L. R. 79(d); *see Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 548 (7th Cir. 2002) (acknowledging there is a strong presumption of public disclosure of materials that form the basis of the parties' dispute and the court's resolution).

Next, the Court will deny Washington's motion to compel.  The time period at issue in this case is narrow: May 1, 2025 through June 4, 2025.  Defendants assert that they have provided Washington with all documents responsive to his requests.  Moreover, they assert that they have produced videos from the timeframe at issue in this case.  Defendants explain that they objected only to producing videos after the relevant timeframe.  Washington acknowledges that Defendants have produced video from the relevant timeframe, but he asks the Court to order them to produce video from after that timeframe.  Washington asserts that this video is relevant because it will demonstrate that the violations were ongoing.

Washington brought this case on June 10, 2025, alleging that his rights were violated from May 1 through June 4, 2025, when he was repeatedly served non-kosher and/or nutritionally inadequate food.  *See* Dkt. No. 1.  Washington also alleged that, as of the time he filed his complaint, he was receiving pre-packaged kosher meals with a piece of fruit and slices of bread.  According to Washington's own allegations, any alleged violation after June 4, 2025 is outside the scope of this case, making the requested video irrelevant.  Therefore, Defendants need not produce video taken after June 4, 2025.

Finally, the Court will grant Defendants' motion to extend the parties' dispositive motion deadline to June 11, 2026.  Defendants vaguely explain that they "are in the process of trying to address and resolve some discovery issues."  The Court encourages the parties to work together in good faith to promptly resolve those issues.  Further extension of the dispositive motion deadline is unlikely absent a showing of extraordinary circumstances.

**IT IS THEREFORE ORDERED** that Defendants' motion to restrict Washington's access to the video recordings (Dkt. No. 38) is **GRANTED in part**.  Washington may possess the

videos produced by Defendants; however, he may not share the videos with others. Washington may file the videos in support of motions or in support of his response to motions.

**IT IS FURTHER ORDERED** that Washington's motion to compel (Dkt. No. 42) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to extend the parties' dispositive motion deadline to **June 11, 2026** (Dkt. No. 46) is **GRANTED**.

Dated at Milwaukee, Wisconsin on April 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge