UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIRON WASHINGTON, JR.,

Plaintiff,

v.                                                        Case No. 25-cv-0830-bhl

SERGEANT SIMPSON et al.,

Defendants.

---

## DECISION AND ORDER

---

Plaintiff Tiron Washington, Jr., is currently incarcerated at the Waupun Correctional Institution and representing himself in this 42 U.S.C. §1983 action. Washington alleges that for about a month he was served food that violated his religious beliefs and was nutritionally inadequate. Dkt. Nos. 1, 8. Discovery closed on March 23, 2026. At the Defendants' request, the Court recently extended the dispositive motion deadline to June 11, 2026 to allow the parties time to resolve outstanding discovery issues. On May 8, 2026, Washington filed a motion for a preliminary injunction and an extension of time. For the reasons explained below, Washington's request for an injunction will be denied, but the Court will allow both parties more time to file dispositive motions.

Washington asserts that after the Court recently ordered that Washington could possess videos but could not distribute them to others, opposing counsel contacted staff at his institution and told them that he possessed contraband in his legal materials. Washington further contends that he is therefore now being made to re-review discovery in his criminal case with institution staff before he will be allowed to review discovery in his three civil cases. He states that, given the limitations on time and the volume of discovery in his criminal case, he will not have time to prepare for this case before the dispositive motion deadline. Washington asks the Court to order staff to stop the re-review of his discovery, to put keyboards back in the review rooms so he can

take notes, to provide him with additional time to review his discovery, to order staff to consider his properly submitted grievances, and to extend the dispositive motion deadline.[1]

In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)). With these legal principles in mind, the Court will deny Washington's motion for injunctive relief. The request largely asks the Court to meddle in the discretionary authority of staff to manage the day-to-day operations of the institution. While Washington suspects that opposing counsel may be trying to interfere with his review of discovery before the dispositive motion deadline, he has provided no basis for the Court to find that staff is re-reviewing his legal materials for this purpose. Indeed, Washington himself does not know what is motivating staff. His speculation about an improper motive is insufficient for the Court to depart from the requirement that it defer to staff's discretion regarding the measures necessary to maintain the safety and security of the institution. Accordingly, the Court will not interfere with staff's decision to remove keyboards, re-review legal materials, or schedule law library time.

The Court can and will adjust the schedule in this case based on Washington's apparent predicament. Accordingly, the dispositive motion deadline will be extended to **August 11, 2026** to allow Washington sufficient time to review discovery in this case. As that deadline approaches, if Washington still has not been able to review the discovery, he may file a motion to further extend the deadline. The Court will not needlessly delay this case, but it will extend deadlines when there is good cause to do so.

Finally, the Court reminds Washington that he may file a summary judgment motion, but he is not required to do so. Because the plaintiff has the burden of proof at trial, it is generally the

---

[1] Washington actually asks that the "deposition" deadline be extend, but the Court understands this to be a misstatement. Discovery is closed, and the thrust of Washington's motion is a desire to be adequately prepared to file and/or respond to a summary judgment motion.

defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden.  If Defendants file a summary judgment motion, the case will survive and proceed to trial if Washington is able to demonstrate in his response materials that there is a dispute of material fact.  Washington has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury.  *See* 28 U.S.C. § 1746.

**IT IS THEREFORE ORDERED** that Washington's motion for a preliminary injunction (Dkt. No. 49) is **DENIED** and his motion to extend the dispositive motion deadline (Dkt. No. 49) is **GRANTED**.  The dispositive motion deadline is extended to **August 11, 2026**.

Dated at Milwaukee, Wisconsin on May 19, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge