UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIRON WASHINGTON, JR.,

Plaintiff,

v. Case No. 25-cv-0830-bhl

SERGEANT SIMPSON et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Tiron Washington, Jr., is currently incarcerated at the Waupun Correctional Institution and representing himself in this 42 U.S.C. §1983 action. Washington alleges that, for about a month, he was served food that violated his religious beliefs and was nutritionally inadequate. Dkt. Nos. 1, 8. Discovery closed on March 23, 2026. At the Defendants' request, the Court extended the dispositive motion deadline to June 11, 2026. Then, at Washington's request, the Court further extended the dispositive motion deadline to August 11, 2026. On August 3, 2026, Washington filed a "Motion to Extend [the] Discovery Deadline." According to Washington, prison staff have recently confiscated a handful of the many USB drives he uses to store discovery relating to four court cases he is pursuing, including this one. Washington asserts that he has been unable to view videos relevant to this and his other cases, since the USB drives were confiscated. On August 5, 2026, Defendants filed a motion to stay the dispositive motion deadline until Washington can access the discovery he believes he needs to prepare and/or respond to a summary judgment motion.

Discovery has been closed since March, so the Court will deny Washington's motion to extend the discovery deadline. Washington had the video evidence for a considerable period of time before the USB drives were seized and he has not demonstrated that their seizure justifies a further extension of discovery. The Court will also deny Defendants' motion to "stay" the dispositive motion deadline. This case needs to move forward. The Court will, however, extend the dispositive motion deadline by sixty days to allow Washington an opportunity to regain access to the discovery on the confiscated USB drives. The Court thanks Defendants' counsel's willingness to resend the discovery to Washington to avoid further delay.

Finally, as the Court previously informed Washington, he is reminded that he is not required to file a summary judgment motion. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden. If Defendants file a summary judgment motion, the case will survive and proceed to trial if Washington is able to demonstrate in his response materials that there is a dispute of material fact. Washington has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. Credibility is not at issue at summary judgment, so statements in a declaration based on Washington's personal knowledge will be sufficient to create a dispute of material fact. Washington need not produce videos or documents that merely corroborate statements in his declaration to create a dispute of fact.

**IT IS THEREFORE ORDERED** that Washington's motion to extend the discovery deadline (Dkt. No. 54) and Defendants' motion to stay the dispositive motion deadline (Dkt. No. 55) are **DENIED**.

**IT IS FURTHER ORDERED** that the parties' dispositive motion deadline is **EXTENDED** to **October 12, 2026.**

Dated at Milwaukee, Wisconsin this 7th day of August, 2026.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge